UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISAAC LEE ZAMORA,

                Plaintiff,

   v.

JACK WARNER,

               Defendant.

Case No. C17-1007-RSL-JPD

ORDER RE: PLAINTIFF'S PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's applications for court-appointed counsel and for leave to proceed *in forma pauperis*, and on plaintiff's motion for discovery. The Court, having reviewed plaintiff's requests for relief, and the balance of the record, hereby finds and ORDERS as follows:

    (1)    Plaintiff's application for court-appointed counsel (Dkt. 8) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*,

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2) Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. 9) is STRICKEN as moot. Plaintiff filed a similar application at the outset of this case which was granted by the Court on July 13, 2017. (*See* Dkt. 5.) The recently filed application is duplicative and unnecessary.

(3) Plaintiff's motion for discovery (Dkt. 10) is STRICKEN. Though not entirely clear, plaintiff appears to request in his motion that he be provided a number of documents which he believes are necessary to support his claim. However, discovery requests should not be filed with the Court. *See* Fed. R. Civ. P. 5(d)(1) (discovery requests are not to be filed until they are either used in the proceeding or the court orders that they be filed). If plaintiff wishes to obtain discovery materials in this matter, he should draft an appropriate discovery request and serve that request directly on defendant.

//

//

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable Robert S. Lasnik.

DATED this 16th day of August, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 3